**ATTORNEYS FOR** Defendants
Sedgwick Claims Management Services, Inc.,
International Paper Company and William L. Webb

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VINCENT LUPPINO, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-5315 |
| | : | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., INTERNATIONAL PAPER COMPANY, WILLIAM L. WEBB, as an individual and as an agent for Sedgwick Claims Management Services, Inc., and for International Paper Company, and JOHN DOES I-X, fictitiously named agents of defendants Sedgwick and/or International Paper who breached a duty to plaintiff, | : | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | : | |

**Table of Contents**

Table of Contents  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

Statement of Undisputed Facts . . . . . . . . . . . . . . . . . . . . . .   1

Statement of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Summary of Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . . .   5

Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

I.   Plaintiff's Claims for ERISA Plan Benefits
     and Breach of Fiduciary Duty Should be Dismissed
     Based on Plaintiff's Failure to Exhaust his ERISA
     Plan Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.   Plaintiff Must Exhaust his Claim for ERISA Plan
          Benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.   Plaintiff Must Exhaust his ERISA Claim for
          Breach of Fiduciary Duty . . . . . . . . . . . . . . 8

II.  Even if he had Exhausted his ERISA Plan Remedies,
     Plaintiff Cannot State a Claim for Breach of
     Fiduciary Duty . . . . . . . . . . . . . . . . . . . . . . . . . . .9

III. Plaintiff's State-Law Claim for Breach of Contract
     is Pre-empted by ERISA and Should be Dismissed . . 12

IV.  Even if it Were Properly Before the Court,
     Plaintiff Cannot State a Claim for Equitable
     Estoppel under ERISA . . . . . . . . . . . . . . . . . . . . 14

     A.   Material Misrepresentation . . . . . . . . . . . . . .15

     B.   Reasonable Detrimental Reliance . . . . . . . . 16

          1.   Plaintiff Cannot Demonstrate Reasonable
               Reliance as a Matter of Law  . . . . . . 16

          2.   Plaintiff Cannot Demonstrate Reasonable
               Reliance as a Matter of Fact . . . . . . 20

C.   "Extraordinary Circumstances" . . . . . . . . 22

Conclusion . . . . . . . . . . . . . . . . . . . . . . .24

## Table of Authorities

### Cases

*Bair v. General Motors Corp.*, 895 F.2d 1094
(6th Cir. 1990)      .................................   5

*Berger v. Edgewater Steel Co.*, 911 F.2d 911
(3rd Cir. 1990), *cert. denied, 499 U.S. 920, 111
S. Ct. 1310 (1991)*   .................................   8

*Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003
(4th Cir. 1985)      .................................   5

*Blake v. Unionmutual Stock Life Ins. Co.*, 906 F.2d 1525
(11th Cir. 1990)     .................................   5

*Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir. 1984),
*abrogated on unrelated grounds*, 921 F.2d 889, 894
(9th Cir. 1990)      .................................   5

*Burstein v. Retirement Account Plan for Employees of
Allegheny Health Education & Research Foundation*,
334 F.3d 365 (3rd Cir. 2003)  .........................   9

*Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290
(5th Cir. 1989)      .................................   14

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322,
106 S. Ct. 2548 (1986)  ..............................   6

*Coyne & Delany Co. v. Blue Cross & Blue Shield
of Virginia*, 102 F.3d 712 (4th Cir. 1996) . . . . . . 10, 11

*Cox v. Keystone Carbon Co.*, 894 F.2d 647
(3rd Cir. 1990)      .................................   5

*Curcio v. John Hancock Mutual Life Ins. Co.*,
33 F.3d 226 (3rd Cir. 1994) . . . . . . . . . . . . . .15, 17

*Degan v. Ford Motor Co.*, 869 F.2d 889
5th Cir. 1989)      .................................   20

*Diaz v. United Agric. Employee Welfare Ben. Plan & Trust*,
50 F.3d 1478 (9th Cir. 1995)  .........................   8

*Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821
(1st Cir. 1988), *cert. denied*, 488 U.S. 909,
109 S. Ct. 261 (1988) .............................. 8

*Fischer v. Philadelphia Electric Co.*, 994 F.2d 130
(3rd Cir. 1993) . . . . . . . . . . . . . . . . . . 15, 16

*Gramm v. Bell Atlantic Management Pension Plan,*
983 F. Supp. 585 (D.N.J. 1997) . . . . . . . . . 22, 23
                      2
*Great-West Life & Annuity Ins. Co. v. Knudson,*
534 U.S. 204, 122 S. Ct. 708 (2002) . . . . . . . . . .20

*Harrow v. Prudential Ins. Co.,* 279 F.3d 244
(3rd Cir. 2002) . . . . . . . . . . . . . . . 7, 8, 10, 11

*Hein v. FDIC,* 88 F.3d 210 (3rd Cir. 1996) . 15, 16, 18, 19

*Houghton v. SIPCO, Inc.*, 38 F.3d 953 (8th Cir. 1994) . . 5

*Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155
(3rd Cir. 1990) . . . . . . . . . . . . . . . . . . . . 24

*Hubbard v. Blue Cross & Blue Shield Ass'n,* 42 F.3d 942
(5th Cir. 1995), *cert. denied*, 515 U.S. 1122,
115 S. Ct. 2276 (1995) . . . . . . . . . . . . . . . . 22

*In re Unisys Corp. Retiree Medical Benefits,*
58 F.3d 896 (3rd Cir. 1995) . . . . . . . . . . . 18, 19

*Jordan v. Federal Express Corp.*, 914 F. Supp. 1180
(W.D. Pa. 1996) . . . . . . . . . . . . . . . . . . . .22

*Kurz v. Philadelphia Electric Co.*, 96 F.3d 1544
(3rd Cir. 1996), *cert. denied,* 522 U.S. 913,
118 S. Ct. 297 (1997) . . . . . . . . . . . . . . .22, 23

*Law v. Ernst & Young*, 956 F.2d 364 (1st Cir. 1992) . . .19

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574, 106 S. Ct. 1348 (1986) . . . . . . . . .6

*Mello v. Sara Lee Corp.*, 431 F.3d 440 (5th Cir. 2005) . 19

*Miller v. Indiana Hosp.,* 843 F.2d 139 (3rd Cir. 1988),
*Disapproved on unrelated grounds,* 946 F.2d 196
(3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . .5

*McDonald v. Provident Indemnity Life Ins. Co.*,
60 F.3d 234 (5th Cir. 1995) . . . . . . . . . . . . . . . 5

*Pane v. RCA Corp.*, 868 F.2d 631 (3rd Cir. 1989) . . . . . .13

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41,
107 S. Ct. 1549 (1987) . . . . . . . . . . . . . . . . 12, 13

*Pinto v. Reliance Std. Life Ins. Co.*, 214 F.3d 377
(3rd Cir. 2000), *abrogated on unrelated grounds,*
562 F.3d 522 (3rd Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . .   7

*Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266
(3rd Cir. 2001)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Quiroga v. Hasbro, Inc.*, 934 F.2d 497 (3rd Cir. 1991),
*cert. denied,* 502 U.S. 940, 112 S. Ct. 376 (1991)  . . . .   6

*Romney v. Lin,* 94 F.3d 74 (2nd Cir. 1996)
*cert. denied,* 572 U.S. 906, 118 S. Ct. 263 (1997) . .10, 11

*Shaw v. Delta Air Lines,* 463 U.S. 85, 103 S. Ct. 289
(1983)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Slice v. Sons of Norway*, 34 F.3d 630 (8th Cir. 1994)  . .  20

*Smith v. Sydnor,* 184 F.3d 356(4th Cir. 1999),
*cert. denied*, 528 U.S. 1116, 120 S. Ct. 934 (2000). . 8, 10

*Sprague v. GMC*, 133 F.3d 388 (6th Cir. 1998),
*cert. denied*, 524 U.S. 923, 118 S. Ct. 2312 (1998) . . . .  20

*Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 125
(2nd Cir. 1996)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Tolson v. Avondale Industries, Inc.*, 141 F.3d 604
(5th Cir. 1998)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Varity Corp. v. Howe,* 516 U.S. 489, 116 S. Ct. 1065
(1996)   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

*Wald v. Southwestern Bell Corp. Customcare Medical Plan*,
83 F.3d 1002 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . .  11

*Wardle v. Central States, S.E. & S.W. Areas Pension Fund*,
627 F.2d 820 (7th Cir. 1980), *cert. denied, 449 U.S. 1112,
101 S. Ct. 922 (1981), abrogated on unrelated grounds*,
32 F.3d 1094, 1099 (7th Cir. 1994) ...................   5

*Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517
(9th Cir. 1993) ..................................   19

*Weldon v. Kraft, Inc.*, 896 F.2d 793 (3rd Cir. 1990) ...   7

*Zipf v. AT&T*, 799 F.2d 889 (3rd Cir. 1986) ...........   7

*Zipperer v. Raytheon Co., Inc.*, 493 F.3d 50
(1st Cir. 2007), *cert. denied,* 128 S. Ct. 1248 (2008) ..  14

### Statutes & Court Rules

29 U.S.C. S1002 . . . . . . . . . . . . . . . . . . . . . .9

29 U.S.C. §1132 . . . . . . . . . . 3, 4, 6, 9, 10, 11, 12

29 U.S.C. §1144(a) . . . . . . . . . . . . . . . . . .12, 13

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . .5

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), defendants Sedgwick Claims Management Services, Inc. ("Sedgwick"), International Paper Company ("International Paper") and William Webb ("Webb"), state as follows in support of their Motion for Summary Judgment:

## Statement of Undisputed Facts

Plaintiff Vincent Luppino is a former supervisory employee at International Paper's Moonachie, New Jersey facility. *See* Defendants' Statement of Material Facts Not in Dispute Pursuant to L. Civ. R. 56(1)(hereinafter, "Facts, ¶__") at ¶1, which defendants are filing contemporaneously with this Memorandum and incorporate herein by reference pursuant to Fed. R. Civ. P. 10(c). Plaintiff suffered a work-related injury in March 2001 and was awarded long term disability benefits pursuant to the International Paper Company Long-Term Disability Plan (the "IP LTD Plan") effective December 1, 2001. *See* Facts, ¶¶15-18, 28.

The IP LTD Plan is an employee welfare benefit plan maintained pursuant to and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et seq.* ("ERISA"). *See* Facts, ¶¶3-4. Pursuant to the terms of the IP LTD Plan, plaintiff's long term disability benefits were subject to offset by any other income benefits he would have received, such as workers' compensation and Social Security disability income benefits. *See* Facts, ¶¶11-14.

In March 2004, a Judge of Compensation of the New Jersey Department of Labor entered an Order Approving Settlement, pursuant to which plaintiff was to receive permanent disability benefits of $186,165, which comprised 315 weekly payments of $591 per week for the period April 10, 2002 through April 23, 2008, and second injury fund benefits of $591 commencing on April 24, 2008. *See* Facts, ¶28. In October 2004, Wausau Benefits, Inc., which then was serving as the IP LTD Plan's third-party claim administrator, mistakenly informed plaintiff (through his attorney, Elise Rossbach, Esq.) that his long term disability benefits would not be offset by his workers' compensation award. *See* Facts, ¶¶29-33.

Effective April 1, 2006, defendant Sedgwick replaced Wausau Benefits as the LTD Plan's claim administrator. *See* Facts, ¶¶8-9. During its periodic (and appropriate) review of plaintiff's long term disability file in late 2007, Sedgwick discovered that no offset had been taken for the workers' compensation benefits. *See* Facts, ¶¶34-47. Sedgwick contacted International Paper on November 29, 2007, inquiring as to whether the offset should be taken at that time. *See* Facts, ¶48. On November 30, 2007, International Paper informed Sedgwick that the offset should be taken. *See* Facts, ¶48.

On December 3, 2007, Sedgwick informed plaintiff that his LTD benefits were subject to offset. *See* Facts, ¶49. Beginning

2

in December 2007, plaintiff's long term disability benefits were reduced by $591 per week (that is, $2,561 per month). *See* Facts, ¶¶49-53. Beginning in April 2008, plaintiff's monthly long term disability benefit has been reduced by $2,000 per month for purposes of recovering the overpayment which occurred prior to December 2007.[1]

## Statement of the Case

On October 30, 2008, plaintiff filed his Complaint in the above-captioned action, naming as defendants International Paper Company, Sedgwick Claims Management Services, Inc. and William Webb, a benefits analyst for International Paper. In Count I of his Complaint, plaintiff asserts a claim for ERISA plan benefits pursuant to 29 U.S.C. §1132(a)(b). In Count II of his Complaint, plaintiff asserts a claim for alleged breach of fiduciary duty pursuant to ERISA and 29 U.S.C. §1132. In Count III of plaintiff's Complaint, plaintiff asserts a state-law claim for alleged breach of contract.

---

[1]During the course of this litigation, an issue has arisen regarding whether the monthly reduction in plaintiff's long term disability benefits of $2,561 should have remained in place beyond April 2008. *See* Facts, ¶54. Sedgwick believes that the reduction should have remained in place. *Id.* The IP LTD Plan is evaluating the issue. *Id.* For now, however, plaintiff's benefits are being offset by $2,000 per month rather than $2,561 per month. *Id.* at 53.

## Summary of Argument

As demonstrated below, each of plaintiff's claims fail in the instant case.  Count I of plaintiff's Complaint for ERISA plan benefits should be dismissed based on plaintiff's failure to exhaust his ERISA plan remedies.  Count II of plaintiff's Complaint should be dismissed based on his failure to exhaust his remedies and the well-settled authority that a plaintiff cannot state a claim for breach of fiduciary duty under ERISA when he has an adequate remedy (and indeed has asserted a claim) under 29 U.S.C. §1132 for denial of benefits.  In addition, plaintiff cannot state a claim in Count II against defendant Webb because he is not a plan fiduciary.  Count III of plaintiff's Complaint should be dismissed because his state-law claim for alleged breach of contract is pre-empted by ERISA.

Finally, even if it were properly before the Court, plaintiff cannot sustain a claim for equitable estoppel under ERISA.  He cannot demonstrate a cognizable material representation; he cannot demonstrate reasonable and detrimental reliance because the representation on which he relies is contrary to the express terms and provisions of the IP LTD Plan; and he cannot identify the "extraordinary circumstances" necessary to sustain an equitable estoppel claim.  No genuine issue of fact remains regarding plaintiff's claims and defendants are entitled to judgment as a matter of law.

4

## Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary will be granted if the pleadings and discovery, "together with the affidavits . . . show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Summary judgment may be granted if the movant shows that there exists no genuine issue of material fact that would permit a reasonable fact finder to find for the non-moving party. *See Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3rd Cir. 1988).[2]

Once the moving party carries its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as

---

[2]Contrary to plaintiff's view, the Court, not a jury is the fact finder in the instant case because his state-law claim is pre-empted and, even if his ERISA claims were to survive, he is not entitled to trial by jury. *See Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3rd Cir. 1990); *Pane v. RCA Corp.*, 868 F.2d 631 (3rd Cir. 1989. *See also Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 1251 (2nd Cir. 1996); *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985); *McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234, 238 (5th Cir. 1995); *Bair v. General Motors Corp.*, 895 F.2d 1094 (6th Cir. 1990); *Wardle v. Central States, S.E. & S.W. Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980), *abrogated on unrelated grounds*, 32 F.3d 1094, 1099 (7th Cir. 1994); *Houghton v. SIPCO, Inc.*, 38 F.3d 953 (8th Cir. 1994); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1984), *abrogated on unrelated grounds*, 921 F.2d 889, 894 (9th Cir. 1990); *Blake v. Unionmutual Stock Life Ins. Co.*, 906 F.2d 1525 (11th Cir. 1990).

to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). The non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). *See also Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3rd Cir. 1991)(stating that non-movant may not "rest upon mere allegations, general denials, or . . . vague statements").

**Argument**

I.  **Plaintiff's Claims for ERISA Plan Benefits and Breach of Fiduciary Duty Should be Dismissed Based on Plaintiff's Failure to Exhaust his ERISA Plan Remedies.**

    A.  **Plaintiff Must Exhaust his Claim for ERISA Plan Benefits.**

Plaintiff alleges that he has been denied benefits under the IP LTD Plan, which is an employee welfare benefit plan governed by ERISA, and he seeks relief pursuant to 29 U.S.C. §1132(a)(1)(b). *See* Complaint, ¶¶37-38 (Dkt. Entry 1). However, prior to seeking judicial review, a plan participant ordinarily must present his claim to the ERISA plan and exhaust his plan remedies. The law is well-settled that, "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies under the plan." *See Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3rd Cir.

1990). As the Third Circuit stated in *Zipf v. AT&T*, 799 F.2d 889, 892 (3rd Cir. 1986), "[w]hen a plan participant claims that he or she has unjustly been denied benefits, it is appropriate to require participants first to address their complaints to the fiduciaries to whom Congress . . . assigned the primary responsibility for evaluating claims for benefits." *See also Harrow v. Prudential Ins. Co.*, 279 F.3d 244, 249-50 (3rd Cir. 2002).[3]

Here, it is undisputed that plaintiff failed to exhaust his ERISA plan remedies. Mr. Webb, a benefits analyst for International Paper, specifically invited plaintiff's former legal counsel to file a claim and provided his former legal counsel all of the information and documents he would need to perfect a claim. *See* Facts, ¶58. Neither plaintiff nor his counsel ever filed a claim. *See* Facts, ¶59. Plaintiff's claim in Count I of his Complaint for ERISA plan benefits, therefore,

---

[3]If plaintiff had pursued and exhausted his ERISA plan remedies, any adverse benefit decision would be subject to the abuse of discretion standard of review because the IP LTD Plan grants to the Plan Administrator or his designees broad authority and discretion to interpret and apply the Plan provisions. *See* Facts, ¶6 and *compare to Pinto v. Reliance Std. Life Ins. Co.*, 214 F.3d 377, 392-93 (3rd Cir. 2000)(applying the discretionary standard of review to the plan administrator's claim decision based on similar language to that found in the IP LTD Plan).

should be dismissed for failure to exhaust his ERISA plan remedies. *See Harrow,* 279 F.3d at 252.[4]

**B.   Plaintiff Must Exhaust his ERISA Claim for Breach of Fiduciary Duty.**

On the facts of this case, plaintiff also is required to exhaust his ERISA plan remedies before filing suit for breach of fiduciary duty. This is so because "[p]laintiffs cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims." *See Harrow*, 279 F.3d at 253, *citing, Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 826 (1st Cir. 1988). As a result, "[w]hen the facts alleged do not present a breach of fiduciary duty claim that is independent of a claim for benefits, the exhaustion doctrine still applies." *Id., citing, Smith v. Sydnor,* 184 F.3d 356, 363 (4th Cir. 1999) & *Diaz v. United Agric. Employee Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1484-85 (9th Cir. 1995). That is precisely the case here because "resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application

---

[4]A plaintiff may be excused from exhausting ERISA plan remedies if it would be futile to do so, *see Berger v. Edgewater Steel Co.,* 911 F.2d 911, 916 (3rd Cir. 1990), but, to justify this exception, the plaintiff has the burden to make a "clear and positive showing of futility." *Harrow*, 279 F.3d at 249. The plaintiff "must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* at 250 (citations omitted). Plaintiff here cannot satisfy the applicable multi-factor standard. *Id.*

of ERISA."  *Id.*, *citing, Smith*, 184 F.3d at 362.  Count II of plaintiff's Complaint, therefore, should be dismissed based on his failure to exhaust his ERISA plan remedies.

## II.  Even if he had Exhausted his ERISA Plan Remedies, Plaintiff Cannot State a Claim for Breach of Fiduciary Duty.

Plaintiff contends in Count II of his Complaint that "Defendant William Webb has a fiduciary obligation to administer the plan properly under ERISA" and "Defendant Webb's conduct breached his fiduciary duties to plaintiff Vincent Luppino." *See* Complaint, ¶¶40, 42 (Dkt. Entry 1).  Contrary to plaintiff's contention, he cannot state a claim for breach of fiduciary duty under ERISA, 29 U.S.C. §1132.  *Id.* at ¶¶39-42.

First, defendant Webb is not an ERISA fiduciary.  He is not the Plan Administrator and does not sit on the Disability Review Committee, which is the committee to which the Plan Administrator has delegated the authority to interpret and apply the Plan and make benefit decisions.  *See* Facts, ¶45.  *See also* 29 U.S.C. §1002(21)(A)(ERISA defining the term "fiduciary").  As a non-fiduciary, defendant Webb is not a proper defendant to plaintiff's breach of fiduciary duty claim.  *See Burstein v. Retirement Account Plan for Employees of Allegheny Health Education & Research Foundation*, 334 F.3d 365, 382 & n.23 (3rd Cir. 2003).

Second, plaintiff cannot state a claim for breach of fiduciary duty under 29 U.S.C. §1132 because he has an adequate remedy (and indeed has asserted a claim) under 29 U.S.C. §1132 for denial of benefits.   In *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S. Ct. 1065, 1078 (1996), the Supreme Court held that Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), "acts as a safety net, offering appropriate equitable relief for injuries caused by [ERISA] violations that §502 does not elsewhere adequately remedy."   According to the Court, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'" as required by Section 502(a)(3).   *Id.* at 515, 116 S. Ct. at 1079. *See also Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 209-10, 122 S. Ct. 708, 712 (2002)(reiterating narrow scope of equitable relief under 29 U.S.C. §1132(a)(3)).

"Congress did not contemplate that [29 U.S.C. §1132(a)(3)] would be used by plaintiffs seeking individual relief." *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia,* 102 F.3d 712, 715 (4th Cir. 1996).   A breach of fiduciary duty claim pursuant to 29 U.S.C. §1132(a)(3) "was primarily intended to address violations affecting a plan more generally," while 29 U.S.C. §1132(a)(1)(B) "was to be the avenue for redressing a wrongful denial of benefits."   *Id., citing, Romney v. Lin,* 94 F.3d 74, 81

(2nd Cir. 1996).   When participants, such as plaintiff in the instant case, "'simply wants what was supposed to have been distributed under the plan, the appropriate remedy is [29 U.S.C. §1132(a)(1)(B)],'" not a claim for breach of fiduciary duty.   *Id.* *See also Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996).   Although it does not appear that the Third Circuit has yet squarely addressed the issue, the overwhelming majority of federal courts have held that equitable relief is inappropriate when a plaintiff has the right to seek payment of benefits under 29 U.S.C. §1132(a)(1)(B), and that authority is consistent with the Third Circuit's suspicion in *Harrow*, 279 F.3d at 253, regarding ERISA claimants "artfully pleading benefit claims as breach of fiduciary duty claims."

Thus, regardless of how plaintiff attempts to recast his claims in the instant case, his description of his claim as an alleged breach of fiduciary duty "does not alter the fact that [he] is seeking . . . benefits which [he] claims are owed . . . ." *Coyne & Delany Co.*, 102 F.3d at 714.   *See also Romney*, 94 F.3d at 81.   As such, he cannot state a claim for breach of fiduciary duty.   *See, e.g., Wald*, 83 F.3d at 1006 (no cause of action for breach of fiduciary duty where plaintiff seeks in essence benefits pursuant to an ERISA plan); *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)("relief through the application of §1132(a)(3) would be inappropriate"

because the plaintiff has a remedy available for alleged wrong denial of benefits under §1132(a)(1)).

### III. Plaintiff's State-Law Claim for Breach of Contract is Pre-empted by ERISA and Should be Dismissed.

Plaintiff contends that "International Paper's promise to Mr. Luppino that it would not take an offset against the Worker's Compensation award was a promise" and asserts in Count III of his Complaint a state-law breach of contract claim. *See* Complaint, ¶¶44-46 (Dkt. Entry 1). That claim, however, is pre-empted and subject to dismissal.

Pursuant to ERISA's pre-emption provision, which "is deliberately expansive, and has been construed broadly by federal courts," *Hubbard v. Blue Cross & Blue Shield Ass'n,* 42 F.3d 942, 945 (5th Cir. 1995), ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. §1144(a). The term "relates to" is broadly construed, and a state law or state-law claim "relates to" an employee benefit plan "if it has a connection with or reference to such plan." *See Shaw v. Delta Air Lines,* 463 U.S. 85, 96-97, 103 S. Ct. 2890, 2899 (1983).

For example, in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549 (1987), the plaintiff alleged that his claim for long term disability benefits had been improperly denied and asserted claims for tortious breach of contract, breach of

12

fiduciary duties and fraud in the inducement. The Supreme Court viewed theses claims as based on the alleged improper processing of a claim for benefits under an employee benefit plan governed by ERISA and held that the claims "undoubtedly meet the criteria for pre-emption under [29 U.S.C. §1144(a)]." *Id.* at 47-48.

Based on this same reasoning, the Third Circuit has held that denial of benefit claims, "even when the claim is couched in terms of common law negligence or breach of contract," are preempted by ERISA. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3rd Cir. 2001). As the Third Circuit has stated, "[t]he rationale for these holdings is that the decision whether a requested benefit or service is covered by the ERISA plan falls within the scope of the administrative responsibilities of the [plan administrator], and therefore 'relates to' the employee benefit plan." *Id. See also Pane v. RCA Corp.*, 868 F.2d 631, 635 (3rd Cir. 1989)(holding as pre-empted the plaintiff's state-law claims for breach of contract (promissory estoppel), breach of covenants of good faith and fair dealing and intentional infliction of emotional distress based on an ERISA plan's alleged improper failure to pay severance benefits).

Here, plaintiff's alleged state-law claim is based on his allegation that International Paper promised not to offset his long term disability benefits under the IP LTD Plan by his workers' compensation benefits. *See* Complaint, ¶¶44-45 (Dkt.

13

Entry 1).   To evaluate plaintiff's claim, it will be necessary for the Court to examine the IP LTD Plan (which is governed by ERISA) and, as such, plaintiff's claim "relates to" the benefit plan and is pre-empted.  *See Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292-97 (5th Cir. 1989).  *See also Zipperer v. Raytheon Co., Inc.*, 493 F.3d 50 (1st Cir. 2007)(holding that the plaintiff's state-law claims of negligence, equitable estoppel and negligent misrepresentation, based on an erroneous pension benefit estimate on which the plaintiff allegedly relied to his detriment by taking voluntary, early retirement, were pre-empted).   Count III of his Complaint, therefore, should be dismissed.

**IV.   Even if it Were Properly before the Court, Plaintiff Cannot State a Claim for Equitable Estoppel under ERISA.**

Based on the foregoing, plaintiff's Complaint should be dismissed in its entirety.   Count I of plaintiff's Complaint should be dismissed because he failed to exhaust his plan remedies.  *See supra* at 6-9.   Count II of plaintiff's Complaint should be dismissed because he failed to exhaust his plan remedies, has a claim for benefits pursuant to the ERISA plan at issue, and cannot assert a claim against Mr. Webb.  *See supra* at 9-12.   Count III of plaintiff's Complaint should be dismissed because his state-law claim for breach of contract is pre-empted by ERISA. *See supra* at 12-14.   But, even if the Court were to

14

view plaintiff's allegations in this action as an equitable estoppel claim under ERISA, and even if that claim were properly before the Court, plaintiff's claim still would fail.

To sustain a claim for equitable estoppel, plaintiff must demonstrate: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." *See Curcio v. John Hancock Mutual Life Ins. Co.*, 33 F.3d 226, 235 (3rd Cir. 1994). Plaintiff's "reliance on a misrepresentation 'must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.'" *Hein v. FDIC*, 88 F.3d 210, (3rd Cir. 1996). Here, plaintiff cannot establish any of these elements.

### A. Material Misrepresentation

At the outset, Wausau Benefits' verbal report to plaintiff's attorney, Elise Rossbach, is not the type of alleged material misrepresentation generally required to state a claim for equitable estoppel under ERISA. Nothing in what Wausau Benefits said to Ms. Rossbach "would mislead a reasonable employee *in making an adequately informed decision about [an ERISA plan benefit]*." *See Fischer v. Philadelphia Electric Co.*, 994 F.2d 130, 135 (3rd Cir. 1993)(emphasis added). Here, plaintiff made absolutely no benefit decision based on what Wausau Benefits told his lawyer. He did not forego any plan benefit; he did not make

15

any employment decision; he did not make any decision that effected his status as an employee or plan participant. *Id.* Rather, the only alleged decision plaintiff made based on Wausau Benefits' telephone conversation with his lawyer occurred two years after that telephone conversation when he decided to build a new house. *See* Facts, ¶¶60-67. This is not the type of decision which generally forms the basis of an ERISA equitable estoppel claim. *Id.* (analyzing alleged misrepresentations about pension benefits on which plan participants are making early retirement decisions); *Hein*, 88 F.3d at 221-22 (the Third Circuit rejecting an ERISA estoppel claim arising from alleged misrepresentations regarding the plaintiff's eligibility for early retirement benefits).[5]

### B. Reasonable Detrimental Reliance

#### 1. Plaintiff Cannot Demonstrate Reasonable Detrimental Reliance as a Matter of Law.

In addition, the plain language of the IP LTD Plan precludes plaintiff's claim and he, therefore, cannot demonstrate that he reasonably relied on Wausau Benefits' statement to his lawyer. *See Curcio*, 33 F.3d at 237. According to the express terms of

---

[5]Interestingly, the plaintiff alleged in *Hein* that, in reliance on the Bank's representations, "he entered into a contract for substantial renovations to a home in the Adirondacks, where he and his wife plan to spend their retirement." *Hein*, 88 F.3d at 222. Despite this alleged reliance, the Third Circuit rejected the plaintiff's equitable estoppel claim.

16

the IP LTD Plan, "other sources of disability income," including, but not limited to Social Security disability benefits and Workers' Compensation benefits, "reduce the long-term disability benefits payable under the Plan." See Facts, ¶11. If disability payments from other sources are delayed and paid retroactively in a lump-sum amount, the participant is required to reimburse the Plan for the amount of any overpayment, see Facts, ¶12, and "[w]henever a payment has been made by the Plan, including erroneous payments, in a total amount in excess of the amount payable under the Plan, irrespective of to whom paid, the Plan shall have the right to recover such payments, to the extent of the excess from the person to or for whom the payment was made." See Facts, ¶13. The IP LTD Plan "shall have the right to reduce future payments payable to or on behalf of such individual by the amount of the erroneous or excess payment." See Facts, ¶14.

Here, there can be no dispute that, based on the plan language, the IP LTD Plan requires the offset at issue and that Wausau Benefits' failure to reduce plaintiff's long term disability benefits based on his receipt of workers' compensation benefits was a mistake. See Facts, ¶¶11-14, 34-54. Indeed, this is the very coordination of benefits, offset language on which plaintiff repaid the IP LTD Plan for the Social Security disability income benefits he received. See Facts, ¶¶23-27. As such, plaintiff cannot state an ERISA estoppel claim.

17

The Third Circuit's *In re Unisys Corp. Retiree Medical Benefits,* 58 F.3d 896, 902 (3rd Cir. 1995), decision is instructive. There, a group of retirees sought to recover post-retirement medical benefits provided pursuant to an ERISA welfare benefit plan. The district court found that the company had misinformed the retirees regarding the duration of their medical benefits' "[i]ndeed, the district court found that the company engaged in a 'systematic campaign of confusion' which led employees to believe that their benefits were to continue for life." *Id.* at 907 n.20. Nevertheless, the district court and the Third Circuit rejected the plaintiffs' ERISA estoppel claims due to the plain language of the ERISA plan at issue "by which [the company] could terminate its retiree medical benefit plans." *Id.* The plaintiffs could not base an ERISA estoppel claim on a representation which contradicts the terms of the ERISA plan at issue because in such a case the reliance cannot be "reasonable" as a matter of law. *Id.* at 907-08.

In *Hein*, 88 F.3d at 210, a former employee (and his wife) filed a claim for "unreduced early retirement benefits despite the fact that he [did] not qualify for such benefits under the plain language of the relevant company retirement plan." The plaintiffs relied in part on "a report provided to him by a Plan actuary indicating his entitlement to unreduced early retirement benefits." *Id.* at 221. The Third Circuit rejected the

18

plaintiff's ERISA equitable estoppel claim because, "[i]n the face of such clear evidence" from the plan documents that the former employee was not entitled to the unreduced pension benefit, the plaintiffs could not establish that their reliance was reasonable. *Id.* at 222.[6]

Here, plaintiff relies on Wausau Benefits' representation to his attorney and that representation is contrary to the terms and provisions of the IP LTD Plan. *See* Facts, ¶¶11-14, 34-54. As such, it cannot form the basis for an ERISA equitable estoppel claim. *See In re Unisys Corp. Retiree Medical Benefits,* 58 F.3d at 907-08; *Hein,* 88 F.3d at 210. *See also Mello v. Sara Lee Corp.,* 431 F.3d 440, 444 (5th Cir. 2005)(stating that a party's reliance "can seldom, if ever, be reasonable or justifiable" if it is inconsistent with the clear and unambiguous terms of the ERISA benefit plan at issue); *Law v. Ernst & Young,* 956 F.2d 364 (1st Cir. 1992)(holding that the participant could not sustain an ERISA-estoppel claim because the effect of the alleged misrepresentation would be to modify the terms of the applicable ERISA benefit plan); *Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517 (9th Cir. 1993)(holding that ERISA-estoppel claim not cognizable to permit recovery of pension benefit that is contrary to the terms of the ERISA pension plan); *Slice v. Sons of Norway,*

---

[6]The "effect" of the alleged misrepresentation in *Hein* was to reduce the plaintiffs' monthly pension benefit from $2,943.44 per month to $1,027.39 per month. *Hein,* 88 F.3d at 214 n.2.

19

34 F.3d 630 (8th Cir. 1994)(same); *Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir. 1989)(recognizing that a mistake regarding an ERISA plan term does not support a cause of action for estoppel, and an estoppel claim is not available if the goal or effect is to modify the plan's terms); *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998)(same).

### 2. Plaintiff Cannot Demonstrate Reasonable Detrimental Reliance as a Matter of Fact.

In addition, even if plaintiff in the instant case could state an ERISA estoppel claim, plaintiff's alleged change in position – that is, reliance – is unreasonable on its face. According to plaintiff, in June 2006, almost two years after Wausau Benefits informed his attorney, Ms. Rossbach that his long term disability benefits would not be reduced by his workers' compensation award, he and his wife bought a new house, tore it down and secured a $1,073,000 construction loan to build a new house on that property. *See* Facts, ¶61. Plaintiff then sold his previous home in August 2007 and applied the sale proceeds to reduce the construction loan balance to $800,000, which he then converted to a conventional mortgage. *See* Facts, ¶62.

That $800,000 mortgage is amortized over thirty years, has a variable rate, and his total repayment obligation is $2,086,221.60, and perhaps higher as the interest rate fluctuates. *See* Facts, ¶61. *See* Facts, ¶63. Plaintiff's thirty-

year mortgage will not be paid in full until 2037, at which time plaintiff will be approximately 81 years of age, *see* Facts, ¶64, and his long term disability benefits would have ended **no later than** 15 years earlier when he turned 65.   *See* Facts, ¶19.   Of course, those benefits will end sooner than age 65 if he no longer satisfies the IP LTD Plan's disability definition.   *See* Facts, ¶¶19, 22.

Plaintiff and his wife made this decision, the only decision which plaintiff claims he made based on Wausau Benefits' representation to plaintiff's lawyer, and secured a $1,073,000 construction loan and $800,000 mortgage when their only sources of income were his long term disability benefits, his workers' compensation benefits and his wife's income, which varied from a high of $135,000 and a low of $83,000.   *See* Facts, ¶65.   Even if plaintiff could otherwise establish the elements of an ERISA estoppel claim, defendants respectfully submit that these decisions, which were based in large part on disability income benefits that would definitely end 16 years before the mortgage was paid in full (and perhaps sooner) were unreasonable on their face and cannot support a claim for equitable estoppel under ERISA.

## C.    "Extraordinary Circumstances"

Finally, plaintiff cannot establish what this Court has described as "the defining element of an equitable estoppel claim under ERISA - 'extraordinary circumstances.'" *See Gramm v. Bell Atlantic Management Pension Plan*, 983 F. Supp. 585, 591 (D.N.J. 1997), *citing, Kurz v. Philadelphia Electric Co.*, 96 F.3d 1544, 1553 (3rd Cir. 1996). To sustain a claim for equitable estoppel under ERISA, the plaintiff must show "'affirmative acts of fraud or similarly inequitable conduct by an employer' such that it appears that the employer sought to profit at the expense of its employees," *id.,* and, "[n]othing short of demonstrable bad faith, affirmative misrepresentation or concealment of ERISA . . . . benefits or rights with knowledge that the participants or beneficiaries might be misled has sufficed to demonstrate the necessary 'extraordinary circumstances.'" *Id., citing, Jordan v. Federal Express Corp.*, 914 F. Supp. 1180, 1191 (W.D. Pa. 1996). Plaintiff cannot satisfy this standard.

The Court's decision in *Gramm* is instructive. In *Gramm*, the plaintiff received a written estimate from his employer of the "Lump-Sum Cash-Out" he would receive if he decided to volunteer for an early exit program. *Gramm*, 983 F. Supp. at 587. His employer subsequently told him that "his 100% cash-out amount had been mistakenly calculated" and was actually almost $55,000 lower than the original representation he received. *Id.* at 588. This

Court rejected the plaintiff's equitable estoppel claim finding, *inter alia*, that he failed to demonstrate "extraordinary circumstances." The plaintiff "presented no evidence which supports an inference of bad faith and/or fraudulent conduct on the part of any defendant." *Id.* at 592. The plaintiff failed to offer evidence of "'repeated misrepresentations' by the defendants but rather the recirculation of a single document." *Id.* The Court concluded that, "[i]n short, the miscalculation of [the plaintiff's] 100% cash-out amount was a simple, albeit unfortunate, mistake, which is devoid of any 'extraordinary circumstances.'" *Id.*[7]

The same result obtains here. Plaintiff relies on a single representation by Wausau Benefits to his lawyer and can present no evidence supporting an inference of bad faith or fraudulent conduct on the part of any of the defendants (or Wausau Benefits for that matter). Nor is there any evidence that any of the defendants (or Wausau Benefits for that matter) "sought to profit at the expense" of plaintiff, which is another factor in the "extraordinary circumstances" analysis. *See Kurz*, 96 F.3d at 1553. Indeed, such an argument that defendants (or Wausau Benefits) were motivated by bad faith or profit would be

---

[7]This Court in *Gramm*, 983 F. Supp. at 590-91, also concluded that the plaintiff's alleged reliance was not "reasonable" because the alleged misrepresentation he received in a written report from his employer's actuary regarding his retirement benefit was contrary to the ERISA plan's terms and provisions.

illogical because the mistake not to offset plaintiff's long term disability benefits actually resulted in the IP LTD Plan **overpaying** plaintiff benefits. As the Third Circuit has recognized, "an alleged misrepresentation that went beyond the terms of the plan at issue did not 'colorably' present 'extraordinary circumstances.'" *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1165 n.10 (3rd Cir. 1990). Plaintiff, therefore, has failed to state a claim for equitable estoppel under ERISA and his Complaint should be dismissed.

## Conclusion

Based on the foregoing, defendants, by counsel, request the Court to enter an Order granting their Motion for Summary Judgment; dismissing plaintiff's Complaint, with prejudice; and granting such other relief as the Court deems just and proper.[8]

---

[8] Defendants reserve their right to submit an application for fees and costs pursuant to ERISA upon conclusion of this motion.

Day Pitney LLP
Attorneys for Defendants
Sedgwick     Claims   Management
Services,    Inc.,   International
Paper  Company  and  William  L.
Webb

By:  s/Michael T. Bissinger
     MICHAEL T. BISSINGER
     A Member of the Firm


McGuireWoods LLP
Attorneys for Defendants
Sedgwick     Claims   Management
Services,    Inc.,   International
Paper  Company  and  William  L.
Webb

By:  _____
     BRUCE M. STEEN
     A Member of the Firm


DATED: October 26, 2009

25